IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALFRED YERO PORRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-05-1177-C |
| | ) | |
| JEFFERSON COUNTY OF OKLAHOMA, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present 42 U.S.C. § 1983 action alleging his constitutional rights were violated while in custody at the Jefferson County Detention Center. According to Plaintiff, he was tortured on October 10, 2003. Plaintiff filed his action on October 6, 2005. The original Complaint did not name Gary Thompson as a defendant but did reference a John Doe. On June 29, 2006, Plaintiff filed a motion seeking to add or substitute Thompson for John Doe. On June 30, 2006, Plaintiff's motion was granted and Thompson was added as a party defendant. Thompson has now filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the statute of limitations expired before he was added to the lawsuit. Plaintiff argues the claim against Thompson survives because the replacement of John Doe with Thompson's name relates back under Fed. R. Civ. P. 15(c) or in the alternative that equitable tolling should apply.

The Tenth Circuit has clearly stated the substitution of a John Doe does not satisfy the requirements of Rule 15 to permit relation back:

>	Here, Garrett's substitution of named defendants for the original unknown "John Doe" defendants amounted to adding a new party. See Watson v. Unipress, Inc., 733 F.2d 1386, 1389 (10th Cir. 1984); see also Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam) ("[I]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." (internal quotation marks omitted)). Thus, all requirements of Rule 15(c)(3) must be met in order for Garrett's amended pleadings to relate back to the date of the original. Alexander v. Beech Aircraft Corp., 952 F.2d 1215, 1226-27 (10th Cir. 1991).
>
>	As noted above, the district court ruled that the requirements of Rule 15(c)(3) were not satisfied here because, as a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a "mistake concerning the identity of the proper party" within the meaning of Rule 15(c)(3)(B). We agree with this interpretation of Rule 15(c)(3)(B), which is in line with prevailing law in seven of the eight circuits to have considered this issue.

See Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir. 2004). Plaintiff's attempts to distinguish Garrett are unavailing, as is his argument that the decision is incorrect. If the precedent is to be changed, it must be done by the Circuit.

Plaintiff argues the Court should apply the equitable tolling doctrine because he did everything he could to find Defendant Thompson. As Plaintiff asserts, the question of tolling is governed by Oklahoma law. See Board of Regents v. Tomanio, 446 U.S. 478, 484-87 (1980). Oklahoma recognizes the doctrine of equitable tolling in two circumstances: first, when a plaintiff has a legal disability; and second, when the injured party is prevented from knowing of the injury by an act of defendant or its agent until such time as in the exercise of reasonable diligence, the injured party could have discovered the injury. Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004). There is no suggestion Plaintiff suffers from any legal disability which prevented him from timely bringing the action against

Thompson. As for the second circumstance, Plaintiff suggests by case citation that the inability to learn Thompson's identity was the result of concealment by Defendants. However, Plaintiff has failed to offer any proof of concealment. See Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041, n. 4, (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."). Rather, Plaintiff merely offers the argument of counsel regarding the steps taken to find Thompson. However, the date on which Plaintiff could locate Thompson for service is not the issue. The determinative date is when Plaintiff could have, through the exercise of reasonable diligence, learned Thompson's identity. The arguments of Plaintiff's counsel indicate that Mr. Thompson's identity was learned before an address for service was learned. Although the brief is unclear, it appears that Plaintiff delayed naming Thompson in the Complaint until he was certain service of process could be achieved. Such a delay extends beyond that permitted by equitable tolling. In any event, the lack of specificity and evidence regarding the dates preclude Plaintiff from satisfying his burden of establishing the applicability of the equitable tolling doctrine. Accordingly, Plaintiff's claims against Thompson will be dismissed.

Thompson was brought into this matter as the case neared trial. At the request of Thompson's counsel, the Scheduling Order was stricken to permit Thompson's counsel time to prepare his defense. With Thompson's dismissal that Scheduling Order can be reinstated with appropriate modification. Accordingly, the following deadlines are set:

| | |
|---|---|
| Discovery to be completed by: | July 1, 2007 |
| Dispositive and <u>Daubert</u> Motions due: | July 1, 2007 |
| Motions in limine, requested voir dire, jury instructions and trial briefs due: | August 23, 2007 |
| Designations of deposition testimony to be used: | September 1, 2007 |
| Final Pretrial Report due: | September 1, 2007 |
| Objections to trial submissions due: | September 3, 2007 |
| Objections and counter deposition designations due: | September 6, 2007 |
| Trial Docket: | September 11, 2007 |

For the reasons set forth herein, the Court finds Plaintiff's claim against Defendant Gary Thompson is untimely. Accordingly, Defendant Gary Thompson's Motion to Dismiss (Dkt. No. 92) is GRANTED. Plaintiff's claims against Mr. Thompson are DISMISSED without prejudice. The Scheduling Order is amended as specified

IT IS SO ORDERED this 7th of June, 2007.

_____
ROBIN J. CAUTHRON
United States District Judge