IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALFRED YERO PORRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-05-1177-C |
| | ) | |
| JEFFERSON COUNTY OF OKLAHOMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a motion to compel seeking copies of any insurance policy providing coverage to Defendant Lovett. According to Plaintiff, despite the requirements of Federal Rule of Civil Procedure 26(a)(1), the Court's order at the scheduling conference, and the Court's subsequent order on Plaintiff's first motion to compel and a motion for sanctions, Defendant Lovett has failed to produce a general insurance policy for the Jefferson County Economic Development Agency. Plaintiff asserts that although Plaintiff's counsel and counsel for Defendant have discussed the issue and counsel for Defendant has attempted to obtain the information, the insurance company has been uncooperative. Plaintiff requests the Court enter judgment for Plaintiff with respect to liability against Defendant Lovett and again order Defendant to provide the insurance documentation.

In response, Defendant Lovett asserts that from 2001 through the date of the alleged injury to Plaintiff, Defendant Jefferson County had a policy of insurance with ACCO-SIG and that a copy of that policy has been provided to Plaintiff by Defendant Jefferson County. Defendant Lovett argues that that policy may provide liability coverage for the Jefferson

County Economic Development Agency, but that that issue is beyond his ability to answer. Defendant Lovett also asserts that the last stand-alone general liability coverage policy which insured the Jefferson County Economic Development Agency was provided by Specialty Surplus Insurance Company. That policy was in place from August 15, 2000, to August 16, 2001.

Although certainly implied within Defendant Lovett's response, it is not explicitly stated that the ACCO-SIG policy is the only policy of which he is aware that may be available to satisfy part or all of the judgment which may be entered in this action. Accordingly, Defendant Lovett is ordered to provide within five days of the date of this order an affidavit attesting to the fact that he has produced copies of all insurance policies of which he is aware that are available to provide coverage in this matter. In the event Defendant Lovett cannot make such an averment, he shall identify the additional insurance policies that are available. Failure of Defendant Lovett to comply with this order will result in an entry of default judgment against him.

IT IS SO ORDERED this 20th day of August, 2007.

ROBIN J. CAUTHRON
United States District Judge